THOMPSON, Judge.
Aetna Insurance Company, the plaintiff below, appeals a summary judgment entered in favor of Ryder Truck Lines, Inc. We reverse. On November 6, 1984 Aetna Insurance Company (Aetna), as subrogee for Molins Machine Company, Inc., filed suit against Ryder Truck Lines, Inc. (Ryder) seeking to recover for damage to machinery sustained during shipment by Ryder. The complaint alleged that the machinery was transported in December 1981 or January 1982 and that a claim for damages had been submitted to Ryder on March 3,1982 and refused on April 1,1982. Ryder answered denying any damage or negligence on its part and raising two affirmative defenses. As its first affirmative defense Ryder asserted that under 49 U.S.C. § 11707(e) an action for freight damage in transit must be filed within two years of the claim denial. Ryder alleged that it had denied the claims on April 1, 1982 and July 23, 1982, and therefore the action should have been initiated prior to July 23, 1984, at the latest.
Ryder then filed its motion for summary judgment asserting that the action was precluded by 49 U.S.C. § 11707(e) because of Aetna’s failure to file suit prior to July 23, 1984. Deposition evidence filed by Aetna reflected that three bills of lading dated December 28, 1981 were executed for the shipment. None of these bills of lading contained any language requiring an action to be filed within two years from the denial of a claim by the carrier. The evidence also showed that after a claim for damages was filed with Ryder on March 3, 1982, letters of denial dated April 1, 1982 and July 23, 1982 were received.
At the hearing on Ryder’s motion for summary judgment Ryder argued that the bill of lading’s language to the effect that it was “subject to all terms and conditions of the Uniform Domestic Straight Bill of *1291 Lading set forth in the uniform straight classification” rendered the two year period of 49 U.S.C. § 11707(e) applicable. Aetna responded that the bill of lading merely referenced the statute but did not specifically provide that suit be brought within two years of a claim denial. The trial judge found that the language in the bill of lading was conclusive and granted summary judgment. In doing so, the lower court erred.
There is no requirement in 49 U.S.C. § 11707(e) that an action under that section be brought within two years from the denial of a claim. That section merely authorizes a carrier to provide by rule, contract, or otherwise, a period of not less than two years for the bringing of a civil action against it. The pertinent portion of 49 U.S.C. § 11707(e) provides:
A carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice.
The document containing the language upon which Ryder and the trial court relied is not an actual bill of lading, but is a memorandum which acknowledges that a bill of lading has been issued. The memorandum does not require that an action be brought within a two year period. Nor was any bill of lading introduced into evidence stating or requiring that an action be brought within two years of the denial of a claim for damage. All of the cases cited by Ryder in support of its position involved bills of lading which specifically set forth a two year limitation in compliance with 49 U.S.C. § 11707(e). No such bill of lading was produced in the instant case. There being no evidence in the record that the carrier has provided by rule, contract, or otherwise a limitation of two years for the bringing of an action against it under 49 U.S.C. § 11707(e), the applicable statute of limitations is the four year period set forth in § 95.11(3), Fla.Stat. Therefore, Aetna’s suit was timely filed.
The summary judgment is reversed and this cause is remanded for further proceedings consistent with this opinion.
SHIVERS and NIMMONS, JJ., concur.